**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AARON J. CLARKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-0279-CVE-CDL** |
| | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| **CITY OF TULSA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**OPINION AND ORDER**</u>

Plaintiff Aaron J. Clarke, a self-represented litigant,[1] filed a "Section 1983 complaint" in Tulsa County District Court, Case No. CJ-2025-1955, on May 5, 2025, alleging defendants City of Tulsa ("City") and State of Oklahoma ("State") violated his federal and state constitutional rights and asserting state tort claims. Dkt. # 2-1. One week later, he filed a "Civil Complaint for the Violations of Intentional Torts," reasserting his federal and state constitutional claims and refining his state tort claims. Dkt. # 2-3; Dkt. # 11. Defendant City of Tulsa ("City") removed the case to federal court under 28 U.S.C. §§ 1331, 1441(a), and 1446, by filing a notice of removal on June 5, 2025. Dkt. # 2. Before the Court are: (1) Mr. Clarke's motions to remand (Dkt. ## 7, 9), the City's response (Dkt. # 17), and Mr. Clarke's reply (Dkt. # 18); (2) the City's motion to dismiss (Dkt. # 8), Mr. Clarke's response (Dkt. # 15), the City's reply (Dkt. # 20), and Mr. Clarke's

---

[1] Because Mr. Clarke appears without counsel, the Court liberally construes his filings. <u>Ogden v. San Juan Cnty.</u>, 32 F.3d 452, 455 (10th Cir. 1994). But his status as a self-represented litigant "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure" or the applicable local civil rules. <u>Id.</u>; LCvR17-1(d).

surreply (Dkt. # 23);[2] (3) Mr. Clarke's motion to supplement (Dkt. # 24); (4) the City's motion to strike plaintiff's supplemental complaint (Dkt. # 16) and Mr. Clarke's response (Dkt. # 19); (5) Mr. Clarke's motion for summary judgment (Dkt. # 12); (6) the City's motion to strike plaintiff's motion for summary judgment or, in the alternative, stay a response to the motion for summary judgment (Dkt. # 21), and Mr. Clarke's response (Dkt. # 25); and (7) Mr. Clarke's motion for access (Dkt. # 22).[3]

## I.    Motions to remand

Mr. Clarke contends, for several reasons, that removal is improper and that this Court should remand this case to state court. Dkt. ## 7, 9, 18. The City contends removal is proper and opposes remand. Dkt. # 17.

### A.    Legal standards

Removal to federal court is permitted for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

---

[2] Mr. Clarke timely responded to the City's motion to dismiss on June 30, 2025. (Dkt. # 15). He filed a second, untimely response to that motion on August 6, 2025 (see Dkt. # 23, docketed as a surreply), and filed a motion to supplement on August 20, 2025, seeking leave under Federal Rule of Civil Procedure 15(d) "to file a supplement response" to the motion to dismiss (Dkt. # 24). Mr. Clarke's surreply is an unauthorized supplemental brief and shall be stricken. See LCvR7-1(f) (requiring leave of court to file supplemental brief). Mr. Clarke's motion to supplement appears to seek leave either to supplement his timely response or the surreply or to file an additional response to the motion to dismiss. Dkt. # 24. The Court denies the motion to supplement because Rule 15(d) governs supplemental pleadings, and a supplemental brief is not a pleading. See Fed. R. Civ. P. 7(a) (listing documents that are pleadings).

[3] Mr. Clarke's motion for access is not a model of clarity. He "requests access to Pacer and/or court records due to being indigent" and asserts "the Court has granted leave to the Plaintiff." Dkt. # 22. Because nothing in the record suggests that Mr. Clarke has been deprived of access to court records and he requests no specific court records, the Court denies the motion for access.

of the United States." 28 U.S.C. § 1331. Because federal courts have limited jurisdiction, "there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[4]

To remove a state case to federal court a defendant must file a notice of removal "within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within [thirty] days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). If the defendant removes the civil action "solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). But it is "not necessary for defendants to obtain the consent of unserved defendants before filing a notice of removal." Coppedge v. Cabot Norit Americas, Inc., No. 19-CV-705-CVE-FHM, 2020 WL 967339, at *2 (N.D. Okla. Feb. 27, 2020) (unpublished); see also Howard v. Bostrom, No. 07-CV-0548-CVE-PJC, 2007 WL 3046446, at *1 (N.D. Okla. Oct. 16, 2007) (unpublished) (gathering cases and noting that § 1446(b)(2)(A) requires consent to removal only from defendants who have been properly joined and properly served). After removal, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); see Huffman v. Saul Holdings, Ltd. P'ship, 194 F.3d 1072, 1076 (10th Cir. 1999) ("[T]here are two types of improperly removed cases: those

---

[4] The Court cites this and other unpublished decisions herein as persuasive, not precedential, authority. FED. R. APP. P. 32.1; 10th. Cir. R. 32.1.

in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself.").

**B.      Analysis**

Mr. Clarke contends removal is improper because:  (1) there is no basis for this Court to exercise federal question jurisdiction; (2) the State was properly served and did not consent to removal; (3) this Court should abstain from interfering in an ongoing state court proceeding; (4) the City removed the case to avoid liability for state tort claims; and (5) without remand, Mr. Clarke's claims will be subject to dismissal because he asserted claims based on the same set of facts in a prior civil action filed in this court.  Dkt. ## 7, 9, 18.

**1.      Federal question jurisdiction**

Mr. Clarke first contends that removal is improper because his complaints "barely state[] federal constitutional and/or statutory rights" and rely "mostly [on] State law," and thus do not support federal question jurisdiction.  Dkt. # 7, at 1-3; Dkt. # 9, at 1-4; Dkt. # 18, at 3.[5]  The City responds that "there is no threshold of 'minimality' that would defeat removal under § 1331" and that Mr. Clarke's inclusion of state law claims in his complaints does not support remand because this Court has discretion to exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367.  Dkt. # 17, at 1-3.

**a.      Operative complaint**

Before the Court evaluates these arguments, the Court first considers the City's motion to strike plaintiff's supplemental complaint (Dkt. # 16).  The City contends that Mr. Clarke's "Civil Complaint for the Violations of Intentional Torts," filed in state court on May 12, 2025, and docketed in this case as an amended complaint (Dkt. # 11) "is procedurally improper, legally

---

[5] For consistency, the Court's citations refer to the CM/ECF header pagination.

duplicative, and risks compounding confusion and inefficiency in this action." Dkt. # 16. The City asserts that this "second complaint, though styled differently, is based on the same operative facts, asserts duplicated legal theories," "more fully articulates a defamation claim" that is included in the original complaint, and "seeks identical relief." Id. at 1 & n.1. The City further asserts that Mr. Clarke "has since referred to this second complaint as a 'Supplement Complaint'" thereby "confirming its intended role as an add-on to his original filing," and there is no evidence that Mr. Clarke obtained leave to file a supplemental complaint in state court, as required by OKLA. STAT. tit. 12, § 2015(D). Id. at 2 (quoting Dkt. # 13, at ¶ 3). The City thus moves under Federal Rule of Civil Procedure 12(f) to have the amended complaint stricken and urges the Court to permit Mr. Clarke to "proceed on [the] original complaint alone." Id. Mr. Clarke opposes this motion, arguing that he followed "correct procedures" under OKLA. STAT. tit. 12, § 2015(A), a provision that he identifies as "the proper section pertaining to amending and/or supplementing complaints," when he filed the second complaint. Dkt. # 19, at 1-2.

The City is correct that Mr. Clarke refers to his second complaint as a "supplement complaint" or "supplemental complaint." Dkt. ## 13, 19. But this Court is not bound by Mr. Clarke's characterization of his pleading and, instead, must look to the substance of the pleading to determine its best construction. See Sanders v. Yeager, 57 Fed. App'x. 381, 382 (10th Cir. 2003) ("[T]he caption on a pleading does not constrain the court's treatment of a pleading."); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). And, on this issue, Mr. Clarke has the better argument. Oklahoma law provides that "[a] party may amend his or her pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he or she may so amend it at any time within twenty (20) days after it is served." OKLA.

STAT. tit. 12, § 2015(A).  Here, Mr. Clarke filed a "Section 1983 complaint" on May 5, 2025.  Dkt. # 2-1.  One week later and before any responsive pleading was served, Mr. Clarke filed a "Civil Complaint for the Violations of Intentional Torts."  Dkt. # 2-3.  The Court thus finds it reasonable to construe the second complaint as it was docketed in this case, namely, as an amended complaint.[6]  The Court therefore denies the City's motion to strike plaintiff's supplemental complaint (Dkt. # 16).

### b.       Federal question jurisdiction exists

Because Mr. Clarke filed the amended complaint (Dkt. # 11) before the City filed its notice of removal (Dkt. # 2), the Court must consider the claims and allegations in the amended complaint to determine whether the City's has properly invoked federal question jurisdiction.[7]  And, contrary to Mr. Clarke's position, the City has shown the existence of federal question jurisdiction.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  Thus, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law."  Id. (quoting Williams, 462 U.S. at 392).  Mr. Clarke contends that he can avoid federal jurisdiction because his

---

[6] The City's own description of the second complaint supports the reasonableness of this construction because the City acknowledges that Mr. Clarke's second complaint essentially restates the same legal claims and same operative facts set out in the original complaint and "more fully articulates a defamation claim" that also is included in the original complaint.  Dkt. # 16, at 1 & n.1.  Restating facts, restating claims, and attempting to better articulate some claims is entirely consistent with amending, rather than supplementing, a complaint.

[7] In the notice of removal, the City referred to both complaints but cited only the original complaint as alleging Fourth Amendment claims that support federal question jurisdiction.  Dkt. # 2, at 2.  Nonetheless, as discussed next, the amended complaint likewise includes Fourth Amendment claims.

claims rely "mostly [on] State law" and "barely state[] federal constitutional and/or statutory rights." Dkt. # 9, at 2.

Even granting Mr. Clarke the benefit of liberal construction, the amended complaint, on its face, identifies claims that arise from the Constitution. Mr. Clarke asserts that defendants deprived him of his "Oklahoma constitutional liberties, Oklahoma Bill of Rights, and Federal constitutional and/or statutory liberties." Dkt. # 11, at 2. He alleges that he was arrested "without probable cause or a warrant supported by probable cause," in violation of the Fourth Amendment to the United States Constitution. Id. at 2, 7. He further alleges that he was "wrongfully imprisoned . . . without due process of law," in violation of the Fourteenth Amendment to the United States Constitution. Id. at 2. He alleges that arresting officers used excessive force in "violation[] of his 4th Amendment and inherent rights." Id. Lastly, he alleges that the State "maliciously prosecuted" him in violation of his "fundamental liberty to the right of the 14th Amendment that prohibits states from depriving any person of life, liberty, or property without due process of law." Id. In other portions of the amended complaint, Mr. Clarke asserts that defendants "withheld [his] fundamental liberties," violated his state statutory rights, violated his rights under the Oklahoma Constitution, and "infringed [his] federal constitutional liberties." Id. at 3-9. Applying the well-pleaded complaint rule, the Court agrees with the City that Mr. Clarke's inclusion of claims arising under the state constitution or state tort law that are based on the same operative facts that he relies on to allege deprivations of his federal constitutional rights does not defeat federal question jurisdiction under § 1331. See, e.g., City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164 (1997) ("By raising several claims that arise under federal law, [the plaintiff] subjected itself to the possibility that [the defendant] would remove the case to the federal courts."). The Court thus

rejects Mr. Clarke's argument that the alleged absence of federal question jurisdiction necessitates remand.

### 2.     Lack of consent from all defendants

Next, Mr. Clarke contends that the case must be remanded because he properly served the State before the case was removed and the State did not consent to removal.  Dkt. # 9, at 5; Dkt. # 18, at 1-2.  The City contends that, "[a]t the time of removal, the State had not been served," so consent was not required under 28 U.S.C. § 1446(b)(2)(A).  Dkt. # 17, at 3.  On the record presented, the Court finds that the City has shown that the State's consent was not required.

As previously discussed, when a defendant removes a case to federal court under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); see Curtis v. Firstar Fin. Corp., No. 24-CV-0243-JFH-GLJ, 2024 WL 4437826, at *2 (E.D. Okla. Sept. 18, 2024) (unpublished) (noting that "[i]t is a well settled rule that for a removal to be procedurally proper all defendants must consent to removal" and that failure to comply with this "unanimity rule" results in a procedurally improper removal), report and recommendation adopted sub nom. Curtis v. First Star Fin. Corp., No. 24-CV-0243-JFH-GLJ, 2024 WL 4434231 (E.D. Okla. Oct. 7, 2024) (unpublished).

With the notice of removal, the City submitted several exhibits including a copy of the state court docket sheet, a summons purportedly served on the State, and a motion Mr. Clarke filed in state court explaining why he did not submit proof of service for the summons purportedly served on the State.  Dkt. ## 2-6, 2-7, 2-8.  Mr. Clarke is correct that the summons bears a signature of an individual, "J. Ortiz, 8996," and identifies the date of service as May 16, 2025.  Dkt. # 2-6. This summons was filed in state court on May 23, 2025, along with what appears to be a copy of a pauper's affidavit Mr. Clarke filed in state court on May 5, 2025, when he commenced his civil

action in state court.  Id.  But other evidence in the record supports the City's view that service on the State was either improper or defective.  The state court docket sheet includes the following entry, dated May 23, 2025:  "PARTY HAS NOT BEEN SERVED./STATE OF OKLAHOMA/NO PROOF OF SERVICE ATTACHED[.]"  Dkt. # 2-8, at 3.  Mr. Clarke suggests that this is a clerical error because the copy of the original summons that was issued to the State and filed in state court on May 23, 2025, indicates that the summons and order was served on May 16, 2025, and is signed by the individual who served the summons (J. Ortiz, 8996), an individual whom Mr. Clarke identifies as an officer with the Oklahoma Sheriff's Department.  Dkt. # 9, at 5; Dkt. # 18, at 1-3. But Mr. Clarke's "Motion of Oyer Regarding to the Service of Summons and Complaint," a motion he filed in state court on May 29, 2025, further supports that no proof of service was attached to the summons filed in state court that was purportedly served on the State, as reflected in the docket entry.  Dkt. # 2-7.  In that motion, Mr. Clarke alleged he properly served the State, through the Oklahoma County Sheriff's office; that he "reached out" to that office and received verbal confirmation that "the summons and complaint have been served on the State"; and that he had not yet received proof of service from that office.  Id.  Mr. Clarke further alleged that he had "done what is required by Civil Procedures" to serve both defendants and he requested either a hearing on the matter or an order directing "the OKC Sheriff office to provide[] such documentation pertaining to the service of the State of Oklahoma."  Id. at 2.  Because the record supports the City's assertion that service on the State was improper or defective, the State was not required to consent to removal, and the Court finds that the alleged procedural defect does not support remand.

### 3. Remaining arguments in support of remand

As the City contends, none of Mr. Clarke's remaining arguments supports his request for remand.  First, Mr. Clarke contends that permitting removal would be contrary to the abstention

doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  Dkt. # 7, at 1-2.  But, as the City

contends, that doctrine does not apply here.  Dkt. # 17, at 2.  "<u>Younger</u> abstention 'applies to three

categories of state cases: (1) state criminal prosecutions, (2) civil enforcement proceedings, and

(3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts'

ability to perform their judicial functions.'" <u>Graff v. Aberdeen Enterprizes, II, Inc</u>., 65 F.4th 500,

522 (10th Cir. 2023) (quoting <u>Elna Sefcovic, LLC v. TEP Rocky Mountain., LLC</u>, 953 F.3d 660,

670 (10th Cir. 2020).  Thus, <u>Younger</u> does not support remand.

Next, Mr. Clarke contends the City removed the case to "evade" liability because the City

and the State could be found liable in state court for intentional torts, under the Oklahoma

Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq. ("GTCA"), but could assert

Eleventh Amendment immunity to avoid liability for those same claims in federal court.  Dkt. # 7,

at 1-2.  To the extent the Court understands this contention, the Court agrees with the City that it

does not support remand.  Dkt. # 17 at 3.  As previously discussed, Mr. Clarke identifies federal

constitutional claims, ostensibly under 42 U.S.C. § 1983, and related state law claims in the

amended complaint and all claims arise from the same set of operative facts.  Dkt. # 11.  "Conduct

by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3)

cannot be immunized by state law."  <u>Howlett v. Rose</u>, 496 U.S. 356, 376 (1990) (cleaned up).

Thus, "[a] § 1983 claim may be available, even though a state remedy is foreclosed by the

[GTCA]."  <u>Tiemann v. Tul-Ctr., Inc.</u>, 18 F.3d 851, 853 (10th Cir. 1994); <u>see</u> <u>also</u> <u>Phillips v.</u>

<u>Wiseman</u>, 857 P.2d 50, 53 (Okla. 1993) ("[T]he [GTCA] and 42 U.S.C. § 1983 provide a 'double-

barreled system,' and . . . escaping liability under one does not necessarily mean that a party also

escapes liability under the other.").  Even if Mr. Clarke is correct that removal may provide one or

both defendants an immunity defense that would not be available in state court, that does not mean

that the City could thereby "evade" liability.  The Court thus finds that Mr. Clarke's liability-evasion argument does not support remand.

Lastly, Mr. Clarke suggests remand is necessary to avoid duplicative federal litigation and unnecessary "strain" on the Court because he previously filed a civil action in this court seeking relief under § 1983 and asserting claims arising from "this controversy" in N.D. Okla. Case No. 24-CV-0360-JFH-JFJ, and that action is pending.  Dkt. # 7, at 3; Dkt. # 9, at 4; Dkt. # 18, at 2.  The City contends that any alleged duplicative federal litigation may support dismissal of Mr. Clarke's instant civil action but does not require remand to state court.  Dkt. # 17, at 3.  Mr. Clarke's concerns about duplicative litigation, however, are moot because this court dismissed his prior civil action in October 2025.  See Dkt. # 39, 40, N.D. Okla. Case No. 24-CV-0360-JFH-JFJ.  The threat of duplicative litigation therefore does not support remand.

### C.       Conclusion

Based on the foregoing analysis, the Court concludes that removal is proper and thus denies Mr. Clarke's motions to remand (Dkt. ## 7, 9).

## II.       Motion to Dismiss

The City contends, in part, that the amended complaint should be dismissed, under Federal Rule of Civil Procedure 12(b)(6), because Mr. Clarke does not state any plausible claims for relief

11

under § 1983 against the City based on a theory of municipal liability.  Dkt. # 8, at 4-8; Dkt. # 20, at 2.[8]  Mr. Clarke opposes dismissal.  Dkt. # 15.[9]

### A. Legal standards

To withstand a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim.  Id. at 556; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  The complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action."  Bell Atl. Corp., 550 U.S. at 555.  When considering the sufficiency of the complaint, a court must accept as true all the well-pleaded factual allegations and construe them in the plaintiff's favor.  Id.  But the court may disregard legal conclusions or conclusory statements that are devoid of factual support.  Id.; Iqbal, 556 U.S. at 678.

---

[8] The City also contends that all claims against it should be dismissed because:  (1) Mr. Clarke's federal constitutional claims are time-barred; (2) to the extent Mr. Clarke asserts state tort claims against the City, those claims are time-barred and are "not within the jurisdiction of this Court" because Mr. Clarke did not comply with the GTCA; (3) the federal constitutional claims are duplicative because Mr. Clarke represents that he raised the same claims in Case No. 24-CV-0360-JFH-JFJ; and (4) Mr. Clarke's state tort claims should be dismissed based on claim preclusion because he did not raise those claims in Case No. 24-CV-0360-JFH-JFJ. Dkt. ## 8, 20. Because the Court agrees with the City's argument that Mr. Clarke does not state any plausible federal claims against the City, the Court declines to address the City's remaining arguments.

[9] Mr. Clarke contends, for several reasons, that his claims are not time-barred and that he did comply with the GTCA, but he does not respond to the City's remaining arguments.  Dkt. # 15; see, supra, n.8.

When a plaintiff appears without counsel, the court must liberally construe the complaint. Ogden, 32 F.3d at 455.  The rule of liberal construction permits the court to overlook basic drafting errors and confusion of legal theories in determining whether the complaint can be "reasonably read . . . to state a valid claim on which the plaintiff could prevail." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, like all plaintiffs, a self-represented plaintiff bears the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." Id.  At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable." Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting Bell Atl. Corp., 550 U.S. at 556).  But dismissal is appropriate "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." Bell Atl. Corp., 550 U.S. at 558.

**B.      Analysis and conclusion**

Mr. Clarke, in part, seeks relief under § 1983 for alleged violations of his federal constitutional rights under the Fourth and Fourteenth Amendments.  Dkt. # 11.  To state a plausible claim for relief under § 1983, a plaintiff must allege facts demonstrating that (1) a "person" (2) acting under color of state law, (3) deprived the plaintiff of, or caused another to deprive the plaintiff of, (4) a right protected by the United States Constitution or other federal law. Dodds v. Richardson, 614 F.3d 1185, 1199-1200 (10th Cir. 2010); Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002).  When, as here, a plaintiff sues a city for the allegedly unconstitutional actions or omissions of city employees, the city "may not be held liable under § 1983 solely because it employs a tortfeasor." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997).  Instead, the city may be held liable only under a theory of municipal liability. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).  "To state a plausible municipal-liability claim,

a plaintiff must allege (1) that the municipality had a policy or custom, which can take multiple forms, including a formal regulation or policy statement, or a widespread practice that was so entrenched . . . as to constitute an official policy; (2) that the municipality was deliberately indifferent to the obvious consequences of the policy; and (3) that the policy caused the plaintiff's constitutional injury. Lee v. Poudre Sch. Dist. R-1, 135 F.4th 924, 934 (10th Cir.) (ellipsis in original; footnote and internal quotation marks omitted), cert. denied, 146 S. Ct. 26 (2025).

Applying these principles and liberally construing the amended complaint, the Court finds that Mr. Clarke does not state any plausible federal claims against the City. Mr. Clarke alleges that unidentified "officers for the City of Tulsa" arrested him in April 2023 "after he had used defensive force against a man appearing to be of Indian descent whom had attacked him outside his residence." Dkt. # 11, at 1. The officers "wore uniforms that read 'City of Tulsa,' they had agency equipment, and drove agency vehicles." Id. at 2-3, 5. The officers "cause[d] great pain to [him] as they restrained him and recklessly put handcuffs on his hand, tightening such equipment on his wrist until [his] wrist[s] were gashed." Id. at 1. The officers made his wrist bleed. Id. at 2. The officers and the City used excessive force when Mr. Clarke "had not been resisting" and "disregarded" his screams about the pain they were causing him. Id. at 4, 6. The officers then took Mr. Clarke to the hospital and restrained him while he was in a hospital bed. Id. at 1. Doctors took pictures of his wounds and told the officers Mr. Clarke's wounds were consistent with Mr. Clarke being "attacked." Id. at 1. The officers "arrested and charged [Mr. Clarke] with assault and battery [with] a deadly weapon" even though he had immunity from charges and prosecution under "the Oklahoma self Defense Act." Id. at 1-2, 6-9. The State charged Mr. Clarke with assault and battery with a dangerous weapon but later dismissed the charge for "lack of evidence." Id. at 3-4, 6-7. Mr. Clarke was "incarcerated" for thirty days while he was prosecuted. Id. at 6.

14

Based on these facts, Mr. Clarke claims that the City:  (1) "arrested [him] without probable cause or a warrant supported by probable cause," in violation of the Fourth Amendment; (2) "wrongfully imprisoned [him] without due process of law," in violation of the Fourteenth Amendment; and (3) "used excessive force against [him] that caused extreme pain to [him] and lifelong scar[r]ing on [his] wrist which such force was caused by the unlawful arrest by the City of Tulsa," in violation of the Fourth Amendment.  Id. at 2-4.

To support that the City should be held liable for these alleged constitutional violations, Mr. Clarke alleges that the arresting officers "acted inside the Scope of Employment as they acted under the authority and guidance of their employment." Id. at 5.  He further alleges that the officers "followed the orders of the City of Tulsa as it had a custom usage of the Oklahoma Self Defense act, where, as the City of Tulsa has charged and/or prosecuted its citizens for defending themselves from attackers when the Oklahoma Self Defense Act protects them." Id.  He also alleges that the City "used a custom/usage of the Curtis Act arresting [him] without jurisdiction, also using the false jurisdiction provided to it by the State." Id. at 5, 9.  Lastly, he alleges that the City "used a custom/usage of § 310" by arresting him "without probable cause, and without witnessing or being present when such incident occurred" and by depriving him of his right "to be free from unreasonable searches and seizures." Id. at 5-6.

Even accepting Mr. Clarke's well-pleaded factual allegations as true, none plausibly supports that the City could be liable for the alleged actions of the unidentified officers who arrested, handcuffed, and jailed Mr. Clarke after he "used defensive force" against another individual.  Dkt. # 11, at 1.  Mr. Clarke's allegations that officers employed by the City of Tulsa wore city-issued uniforms, used city-issued equipment, drove city-owned vehicles, and acted within the scope of their employment suggests, at most, that the City might employ one or more

tortfeasors.  Those allegations thus do not suggest that the City could be liable for the officers' alleged actions under a theory of municipal liability.  Brown,  520 U.S. at 403.  And, even if Mr. Clarke's broader, conclusory allegations that the City has a "custom" or "custom/usage" of making arrests without probable cause, without jurisdiction, and in contravention of the Oklahoma Self Defense Act could be liberally construed as plausibly alleging the existence of City customs or policies, Mr. Clarke does not plausibly allege that the City "was deliberately indifferent to the obvious consequences of" these alleged customs or policies.  See Lee, 135 F.4th at 934-35 ("To demonstrate deliberate indifference, the [plaintiff] 'may show that the municipality had actual or constructive notice that its action or failure to act was substantially certain to result in a constitutional violation and consciously or deliberately chose to disregard the risk of harm.'" (quoting Finch v. Rapp, 38 F.4th 1234, 1244 (10th Cir. 2022))).

Because Mr. Clarke has not "nudged [his federal] claims across the line from conceivable to plausible, [his amended] complaint must be dismissed." Bell Atl. Corp., 550 U.S. at 570.  Given the absence of any plausible federal claims against the City, the Court declines to exercise supplemental jurisdiction over any state law claims Mr. Clarke asserts against the City.  See Birdwell v. Glanz, 790 F. App'x 962, 964 (10th Cir. 2020) ("When the federal claims disappear early in the litigation, a federal court should generally decline to exercise supplemental jurisdiction.").  Further, the Court finds that it would be futile to permit Mr. Clarke leave to amend to assert claims against the City because Mr. Clarke represents, and this court's own records show, that he previously filed a civil action in this Court raising the same claims against the City based on the same set of operative facts and his third amended complaint in that case was dismissed for failure to state a claim on which relief may be granted.  Dkt. # 7, at 3; Dkt. # 9, at 4; Dkt. # 18, at 2; see Dkt. ## 11, 39, N.D. Okla. Case No. 24-CV-0360-JFH-JFJ.  The Court therefore grants the

City's motion to dismiss and concludes that the dismissal of the amended complaint, as to all federal claims asserted against the City shall be with prejudice and, as to all state law claims asserted against the City shall be without prejudice. See Seale v. Peacock, 32 F. 4th 1011, 1027 (10th Cir. 2022) (noting that dismissal with prejudice is warranted when a complaint is dismissed under Rule 12(b)(6) and granting leave to amend would be futile); Birdwell, 790 F. App'x at 964 (noting that when declining supplemental jurisdiction and dismissing state law claims, the dismissal should be without prejudice). Based on the partial dismissal of the amended complaint, as to all claims asserted against the City, the Court dismisses as moot the City's motion to strike plaintiff's motion for summary judgment or, in the alternative, stay a response to the motion for summary judgment (Dkt. # 21).

### III.    Claims against the State

Based on the foregoing, Mr. Clarke's only remaining claims in the amended complaint are those that he asserts against the State. As previously discussed, the record shows that Mr. Clarke's attempt to serve the State before removal was improper or defective. Dkt. # 2-6, at 3. The removal statutes provide that, in any case removed from state court to federal court "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in" federal court. 28 U.S.C. § 1448; see also, Wallace v. Microsoft Corp., 596 F.3d 703, 706-07 (10th Cir. 2010) (discussing § 1448 and Federal Rule of Civil Procedure 4(m), the latter of which governs service of process in federal court). But, under the facts of this case, the Court finds no reason to permit Mr. Clarke to attempt to serve process on the State.

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). Mr. Clarke asserts federal constitutional claims and state constitutional and tort claims against the State based on the alleged actions of unidentified city police officers who arrested him and unidentified district attorneys who prosecuted him. Dkt. # 11. This Court does not have jurisdiction over Mr. Clarke's claims against the State because those claims are barred, as a matter of law, by the Eleventh Amendment. See Elephant Butte Irr. Dist. of New Mexico v. Dep't of Interior, 160 F.3d 602, 607 (10th Cir. 1998) ("The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state."). "In practice, the Eleventh Amendment operates as 'a jurisdictional bar that precludes unconsented suits in federal court against a state.'" Good v. Dep't of Educ., 121 F.4th 772, 788-89 (10th Cir. 2024) (quoting Peterson v. Martinez, 707 F.3d 1197, 1205 (10th Cir. 2013)), cert. denied sub nom. MO Higher Ed. Loan Auth. v. Good, No. 24-992, 2026 WL 795054 (U.S. Mar. 23, 2026). "Oklahoma has not consented to be sued in federal court. See OKLA. STAT. tit. 51, § 152.1. And § 1983 does not abrogate states' sovereign immunity" under the Eleventh Amendment." Berry v. Oklahoma, 495 F. App'x 920, 921 (10th Cir. 2012). The Court thus finds that Mr. Clarke's amended complaint, as it now asserts only claims against the State, must be dismissed without prejudice for lack of jurisdiction, as to all claims asserted against the State. The Court further finds that Mr. Clarke's motion for summary judgment (Dkt. # 12) shall be dismissed as moot.

IV.    **Conclusion**

In sum, the Court concludes that:  (1) Mr. Clarke's surreply shall be stricken; (2) the City's motion to strike plaintiff's supplemental complaint, Mr. Clarke's motions to remand, Mr. Clarke's motion to supplement, and Mr. Clarke's motion for access shall be denied; (3) the City's motion to dismiss shall be granted; (4) the amended complaint shall be dismissed in part and with prejudice as to all federal claims asserted against the City, for failure to state a claim on which relief may be granted, and shall be dismissed in part and without prejudice as to all state law claims asserted against the City, for declination of supplemental jurisdiction, and all claims asserted against the State, for lack of subject-matter jurisdiction; and (5) the City's motion to strike plaintiff's motion for summary judgment or, in the alternative, stay a response to the motion shall be dismissed as moot and Mr. Clarke's motion for summary judgment shall be dismissed as moot.

**IT IS THEREFORE ORDERED** that:

1.  Mr. Clarke's surreply (Dkt. # 23) is **stricken**;

2.  the City's motion to strike plaintiff's supplemental complaint (Dkt. # 16), Mr. Clarke's motions to remand (Dkt. ## 7, 9), Mr. Clarke's motion to supplement (Dkt. # 24), and Mr. Clarke's motion for access (Dkt. # 22) are **denied**;

3.  the City's motion to dismiss (Dkt. # 8) is  **granted**;

4.  the amended complaint (Dkt. # 11) is **dismissed in part and with prejudice** as to all federal claims asserted against the City, and is **dismissed in part and without prejudice** as to state law claims asserted against the City and all claims asserted against the State;

5. the City's motion to strike plaintiff's motion for summary judgment or, in the alternative, stay a response to the motion (Dkt. # 21) and Mr. Clarke's motion for summary judgment (Dkt. # 12) are **dismissed as moot**; and

6. this is a final action terminating this case and a separate judgment of dismissal shall be entered herewith.

**DATED** this 30th day of March, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE